

**CITY OF WORCESTER**
LAW DEPARTMENT
CITY HALL, ROOM 301
WORCESTER, MASSACHUSETTS 01608



TELEPHONE
(508) 799-1161
FACSIMILE NUMBER
(508) 799-1163

DAVID M. MOORE
CITY SOLICITOR

January 8, 2001

Civil Clerk's Office
U.S. District Court
595 Main Street
Worcester, MA 01608



Re:  Jonielunas v. City of Worcester, et als.
     U.S.D.C. No. 00-40211-NMG

Dear Sir/Madam:

Enclosed are certified copies of the documents that were filed with the Worcester Superior Court in Civil Action No. 00-2087A, the case which has been removed to this Court as noted above.

If you need any additional documentation, please let me know.

Thank you.

Very truly yours,

Janet J. McGuiggan
Assistant City Solicitor

Enclosures

cc:  Andrew M. Fischer, Esquire
     Kathryn O'Leary, Esquire



e-mail: law@ci.worcester.ma.us

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) **00-2087A** | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|

**PLAINTIFF(S)**  Neil Jonielunas

**DEFENDANT(S)** Worcester Police Department, Edward P. Gardella, James Grady, Jennifer Humphrey, David G. DeCelles, Barbara Swift and Nancy Dube

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** Andrew M. Fischer
Jason & Fischer
47 Winter St., Boston, MA 02108
(617) 423-7904
**Board of Bar Overseers number:** 167040

**ATTORNEY (if known)**

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E-17 | Civil Rights | (A) | (x) Yes   ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . 0 . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
                                                                    **Subtotal $** . . . 0 . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
F. Other documented items of damages (describe)     Legal fees to defend false criminal charges;      $ . 5,000.00 . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Wrongful arrest and deliberate malicious prosecution to cover up the wrongful arrest. As a result, plaintiff lost business opportunity/future profits   $175,000.00 . . .
   from loss of license to sell firearms.                    **TOTAL $** 180,000.00 . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                    **TOTAL $.** . . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   A true copy by photostatic process   DATE: 10/20/00

Attest: _____

Asst. Clerk _____   K2  10-24-80

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

**JASON AND FISCHER**

ATTORNEYS AT LAW
47 WINTER STREET
BOSTON, MASSACHUSETTS 02108
TEL. (617) 423-7904
FAX. (617) 451-3413

**RECEIVED**

**OCT 2 4 2000**

**CLERK OF COURTS
WORCESTER COUNTY**

LINDA GAYLE JASON
ANDREW M. FISCHER

October 20, 2000

Civil Clerk's Office
Worcester County Superior Court
Courthouse, Room 21
2 Main Street
Worcester, MA 01608

Re:    Neil Jonielunas v. City of Worcester, et al  **00-2087** *A*

Dear Sir/Madam:

Enclosed please find a Complaint, Civil Action Cover Sheet and a check for $192.00 for the filing fee and seven (7) Summonses. Please forward seven (7) Summonses, stamped with the docket number, to this office in the enclosed return envelope.

Yours truly,

Andrew M. Fischer

AMF:cpj

Enclosures

jonielunas\ltct

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT
C.A. NO.

00-2087 A

*************************************************

NEIL JONIELUNAS,                                   *
                                                   *
                    Plaintiff                      *
                                                   *
v.                                                 *
                                                   *
CITY OF WORCESTER POLICE DEPARTMENT *
EDWARD P. GARDELLA, in his capacity as             *
CHIEF OF THE WORCESTER POLICE                      *
DEPARTMENT, JAMES GRADY,                           *
JENNIFER HUMPHREY, DAVID G DeCELLES,               *
BARBARA SWIFT, and NANCY DUBE,                     *
                                                   *
                    Defendants                     *
*************************************************

**FILED**

OCT 2 4 2000

ATTEST:

*Louis P. Lamoureux*

**CLERK**

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

### INTRODUCTION

This is an action against officers of the Worcester Police Department and the City

of Worcester and against Nancy Dube for civil rights and other violations causing loss and

damage to the plaintiff, Neil Jonielunas, arising out of the unlawful detention, assault and battery,

arrest and prosecution of the plaintiff without probable cause, in connection with an incident

which occurred on May 27, 1998 by Worcester Police Officers James Grady, Jennifer Humphrey,

David G. DeCelles and Barbara Swift.  Defendant officers Grady, Humphrey, DeCelles and Swift

violated the state and federal civil rights of the plaintiff by arresting the plaintiff without probable

cause, by failing to investigate the allegations against him, by maliciously prosecuting the

plaintiff without probable cause, and by otherwise tortiously injuring the plaintiff.

The claim against the City of Worcester and its Chief of Police arises from the failure to train, supervise and discipline its officers, defendants Grady, Humphrey, DeCelles and Swift, adequately, thereby giving them the message that they could misuse their authority as police officers, and that such conduct would be tolerated or ignored.

The claim against Nancy Dube arises from her malicious and defamatory accusations against the plaintiff, which resulted in the Worcester police officers' harassment and arrest of the plaintiff.

PARTIES

1. The Plaintiff, Neil Jonielunas was an individual with a usual residence in Worcester county, Massachusetts at all times relevant hereto. The plaintiff is a retired Worcester police officer and a citizen and resident of the United States and the Commonwealth of Massachusetts entitled to protections of the United States Constitution and the Massachusetts Declaration of Rights.

2. Defendant City of Worcester Police Department is a department of the City of Worcester, a municipality located in the County of Worcester, Commonwealth of Massachusetts, and the employer of defendants Grady, Humphrey, DeCelles and Swift.

3. Defendant Edward P. Gardella was a duly appointed Chief of Police of the City of Worcester Police Department acting under color of law at all times relevant hereto, and is named in his official capacity.

4. Defendant James Grady was a duly appointed and acting officer of the Worcester Police Department at all times relevant hereto, and is named in his individual and official capacities.

-2-

5. Defendant Jennifer Humphrey was at all times relevant hereto a duly appointed and acting officer of the Worcester Police Department and is named in her individual and official capacities.

6. Defendant David G. DeCelles was a duly appointed and acting Detective in the domestic violence unit of the Worcester Police Department at all times relevant hereto and is named in his individual and official capacities.

7. Defendant Barbara Swift was a duly appointed and acting Lieutenant of the Worcester Police Department at all times relevant hereto and is named in her individual and official capacities.

8. Defendant Nancy Dube is a resident of Worcester County, Massachusetts. She is the former spouse of the plaintiff and the mother of the plaintiff's minor daughters.

## STATEMENTS OF FACTS

9. On May 11, 1998, defendant Dube attempted to have plaintiff arrested, without basis, claiming to the defendant Worcester Police Department that plaintiff Jonielunas had violated a restraining order, allegedly by driving past their daughter's school. The attempt failed and no arrest was made because, even accepting defendant Dube's allegations as true, plaintiff Jonielunas had not violated any restraining order, as there was no order restraining him from contact with his daughters.

10. The defendant police officers and the Worcester Police Department were aware of this, as defendant Grady noted, in a report made out upon defendant Dube's false complaint, that there was "NO VIOLATION . . . ON 209A . . . NOT CHECKED OFF THAT HE CANNOT SEE THEM" [the minor children].

-3-

12. On May 27, 1998, defendant Dube again falsely reported a violation of the 209A order, based on which the Worcester Police officer defendants applied for a criminal complaint against Mr. Jonielunas. The Worcester Police officer defendants did this when they knew or should have known that the plaintiff had not violated any restraining order.

13. No Worcester police officer had probable cause to believe or suspect that Mr. Jonielunas had violated any 209A order, or any other crime, as no defendant officer witnessed any criminal acts by Mr. Jonielunas, and as the Worcester Police knew or should have known of defendant Dube's history of prior false allegations against Mr. Jonielunas.

14. The actions of the Worcester Police officer defendants caused an arrest warrant to issue and caused plaintiff Jonielunas to be arrested upon the warrant.

15. Had the defendant officers conducted even the most minimal investigation, they would have found defendant Dube's history of fabricated allegations and would have known that Mr. Jonielunas had never committed any violation of any restraining order, in May 1998 or at any time before.

16. In particular, the officers should have discovered, had they investigated defendant Dube's false claims at all, that Mr. Jonielunas could not have committed a "violation" in the first place, in part because the Warren police officers who were called upon to make the arrest attempted to inform defendants Grady and DeCelles that they had seen Mr. Jonielunas elsewhere at the time that the alleged "violation" occurred.

17. Each defendant Worcester police officer knew that no probable cause existed when they caused the plaintiff's arrest, as each such defendant referred to defendant Grady's notations in their own reports, and so knew that defendant Dube's allegations, on their face, did not allege a violation of any restraining order.

18. Rather, the defendant officers failed to conduct any investigation whatsoever, and instead effected the arrest and prosecution of the plaintiff upon the unsubstantiated report of an individual, defendant Dube, known to be unreliable, to have reason to retaliate against the plaintiff, and to have made such false charges in the past.

19. The criminal charges the defendants brought against the plaintiff were brought without probable cause, and were brought recklessly, with malice and with the intent on the part of the defendant officers to cover up their failure to investigate defendant Dube's unsubstantiated, retaliatory allegations against the plaintiff, to cover up the improper arrest they caused, and to prevent and intimidate Mr. Jonielunas from seeking redress.

20. When plaintiff was arrested, upon demand of the Worcester Police defendants, he was jailed, held overnight, charged with criminal violation of a 209A restraining order and arraigned the following morning, all as a result of the wrongful acts of the defendant.

21. All criminal charges against the plaintiff were dismissed on March 16, 1999.

22. Since then, defendant DeCelles and other Worcester police officers have continued to harass Mr. Jonielunas, and continue to harass Mr. Jonielunas to this very day. This behavior includes repeatedly contacting Mr. Jonielunas at his work in Northborough, Massachusetts. This harassment of the plaintiff has continued despite having notice of plaintiff's intent to pursue a claim against the Worcester police department and against defendant DeCelles.

23. The defendant police officers were acting and continue to act while in the scope of their employment as Worcester police officers, under color of law.

24. The conduct of the defendant police officers constitutes and includes threats, force or intimidation.

-5-

25. As a direct and proximate result of the defendant officers' acts and omissions, plaintiff Jonielunas suffered a loss of freedom, has suffered economic damage, loss of his civil rights and liberties, and extreme and lasting emotional distress, humiliation and embarrassment in front of his former professional colleagues and other damages.

## STATEMENT OF CLAIMS

## COUNT I

## FALSE IMPRISONMENT

26. Plaintiff repeats and realleges each of the preceding paragraphs.

27. The defendants caused the false imprisonment of the plaintiff.

28. As a direct and proximate result of the acts of the defendants, plaintiff was deprived of his liberty, was caused great emotional distress, was subject to great humiliation and suffered other damages.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff repeats and realleges each of the preceding paragraphs.

30. The individual defendants' conduct, as set forth above, was outrageous beyond the bounds of human decency and beyond that which a civilized society would tolerate, and the defendants knew or should have known that said conduct would inflict severe emotional distress upon the plaintiff.

31. Plaintiff in fact suffered physical manifestations of mental and emotional distress and other damages as a result of the outrageous conduct of the individual defendants.

## COUNT III

### VIOLATION OF 42 U.S.C. SECTION 1983 – DEFENDANTS GRADY, DeCELLES, HUMPHREY AND SWIFT

32. Plaintiff repeats and realleges each of the preceding paragraphs.

33. The individual police officer defendants, in performing the above intentional torts, violated plaintiff's federal civil rights, including but not limited to the right against unreasonable searches and seizures, the right to due process of the law, the right of free speech, the right to be free from unlawful arrest and prosecution without probable cause, and the right to security of the person.

34. As a direct and proximate result of the individual police officer defendants' acts, the plaintiff suffered physical injury and pain and suffering, suffered great anxiety and strain, was caused great emotional distress, was subject to great humiliation and suffered other damages.

## COUNT IV

### VIOLATION OF MASS. CIVIL RIGHTS ACT

### VIOLATIONS OF CIVIL RIGHTS BY THREATS, INTIMIDATION OR COERCION

35. Plaintiff repeats and realleges each of the preceding paragraphs.

36. By accusing, detaining and falsely imprisoning the plaintiff, the defendants violated the plaintiff's civil rights as guaranteed by the United States Constitution and the Massachusetts Declaration of Rights, including but not limited to the right to be free from unreasonable searches and seizures, the right to due process of the law, the right of free speech, the right to be free from unlawful arrest and prosecution without probable case, and the right to security of the person, causing damage for which the plaintiff is entitled to recover.

-7-

37.  Said conduct by each of the defendants constitutes violation of civil rights by threats, intimidation or coercion.

38.  As a direct and proximate result of these acts, plaintiff was deprived of his liberty, was caused great emotional distress and monetary damages, was subject to great humiliation and suffered other damages.

## COUNT V

## MALICIOUS PROSECUTION

39.  Plaintiff repeats and realleges each of the preceding paragraphs.

40.  Each of the individual defendants swore out a criminal complaint or otherwise participated in the prosecution of the plaintiff or conspired to further the prosecution of the plaintiff in the above referenced criminal action and they each did so without probable cause and with malice.

41.  Said malicious prosecution, by the individual defendant police officers and by defendant Dube, caused plaintiff Jonielunas severe damage, including but not limited to economic loss, including significant attorneys fees and lost time from work, personal shame, degradation, humiliation, loss of standing in the community and emotional distress.

42.  As a direct and proximate result of these acts, the plaintiff was caused great emotional distress, humiliation, monetary damages and suffered other damages.

## COUNT VI

## ABUSE OF PROCESS

43.  Plaintiff repeats and realleges each of the preceding paragraphs.

44. By participating in the institution of the criminal prosecution of the plaintiff, each of the individual defendants employed or conspired to employ legal process for a purpose for which it was not intended, to wit, to retaliate against plaintiff Jonielunas, to cover up the failure of the police to investigate an unreliable witness' accusations, and/or to discourage the plaintiff from seeking redress.

45. Said abuse of process by the individual defendant police officers and by defendant Dube caused plaintiff Jonielunas severe damage, including but not limited to economic loss, including significant attorneys fees and lost time from work, personal shame, degradation, humiliation and emotional distress.

46. As a direct and proximate result of these acts, the plaintiff was caused physical damages, great emotional distress, monetary damages and suffered other damages.

## COUNT VII

## CONSPIRACY

47. Plaintiff repeats and realleges each of the preceding paragraphs.

48. The individual defendants each participated in a joint venture and conspired or participated in a conspiracy to deprive the plaintiff of his freedom and of other civil rights.

49. As a direct and proximate result of this conspiracy, in which each of the defendants participated, the plaintiff was caused physical damages, great emotional distress, monetary damages and suffered other damages.

## COUNT IX

## NEGLIGENT SUPERVISION – MUNICIPAL DEFENDANTS

50. Plaintiff repeats and realleges each of the preceding paragraphs.

51. The defendants City of Worcester and Chief of Police Edward P. Gardella owed a duty of reasonable care to the plaintiff and to all citizens who enter the limits of the municipality of Worcester to properly and reasonably train and supervise its police officers. As a part of this duty, the defendant City of Worcester and Chief Gardella have a duty to investigate City of Worcester Police Officers accused of misconduct.

52. Said defendants breached their duty by failing to properly train and supervise the individual defendant police officers. Said failure specifically includes the failure to adopt and implement reasonable procedures to prevent abuse of police authority, including the failure to adopt and implement reasonable Internal Affairs Department procedures for the investigation and disciplining of Worcester Police Officers, which failure delivered a message to the individual defendant police officers herein that there would be no departmental sanctions for engaging in misconduct.

53. Defendants' breach of duty proximately caused the plaintiff injury and damage.

54. Demand was made upon appropriate chief executive officers of defendant City of Worcester pursuant to G.L. c. 258, in December of 1999, which demand has not been met by a reasonable offer of settlement.

55. As a direct and proximate result of these acts, the plaintiff was caused physical damages, great emotional distress, monetary damages and suffered other damages.

<u>COUNT X</u>

<u>VIOLATION OF 42 U.S.C. SECTION 1983 – MUNICIPAL DEFENDANTS</u>

56. Plaintiff repeats and realleges each of the preceding paragraphs.

57.  The defendants City of Worcester and Chief Gardella maintained a policy or custom of failing to reasonably train and supervise its police officers.  Defendants City of Worcester and Chief Gardella also maintained a policy or custom of failing to adequately investigate City of Worcester Police Officers accused of misconduct.

58.  Said policies and customs evidenced a deliberate indifference on the part of the City and Chief Gardella to the Constitutional rights of Mr. Jonielunas and others.  Said policies and customs specifically include the failure to adopt and implement reasonable procedures to prevent abuse of police authority, including the failure to adopt and implement reasonable Internal Affairs Department procedures for the investigation and disciplining of Worcester police officers.  These failures delivered a message to the individual defendant police officers herein that there would be no departmental sanctions for engaging in misconduct.

59.  Defendants' official policy or custom proximately caused the plaintiff's injury and damage.

## COUNT XI

## DEFAMATION – DEFENDANT DUBE

60.  Plaintiff repeats and realleges each of the preceding paragraphs.

61.  Defendant Dube defamed plaintiff Jonielunas in that she deliberately and with malice publicized false reports that Mr. Jonielunas had violated restraining orders against her and against her and Mr. Jonielunas' daughter.

62.  This publication proximately caused plaintiff Jonielunas injury in the form of humiliation, economic damage, and loss of reputation.

<u>COUNT XII</u>

<u>INVASION OF PRIVACY – DEFENDANT DUBE</u>

63.  Plaintiff repeats and realleges each of the preceding paragraphs.

64.  Defendant Dube, in falsely accusing plaintiff Jonielunas of violating restraining orders against her, leading to the plaintiff's arrest, intentionally and maliciously intruded on the plaintiff's solitude, seclusion and private affairs, and further placed him in a false light.  This invasion would be highly offensive to a reasonable person, as it was false and motivated by a desire to retaliate against the plaintiff.

65.  This invasion of privacy proximately caused the plaintiff injury, economic damage, humiliation and other damages.

WHEREFORE, the plaintiff requests that this court grant him judgment against each of the defendants, jointly and severally, on each count for which they may be liable, in such amount as is reasonable and just, plus such cost, attorneys fees, punitive damages and interest as he is entitled by law.

**PLAINTIFF HEREBY INVOKES HIS RIGHT TO TRIAL BY JURY.**

Respectfully submitted,
Neil Jonielunas,
by his counsel,

Date: _10. 10-00_

Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904

## VERIFICATION OF COMPLAINT

I have read each of the allegations set forth in the complaint herein and attest and verify the truth of each allegation. Signed and sworn under pains and penalties of perjury this _____23 RD_____ day of _____SEPTEMBER_____, 2000.

Neil Jonielunas

jonielunas\complaint

A true copy by photostatic process
Attest:
Asst. Clerk

-13-

11/3/00

## COMMONWEALTH OF MASSACHUSETTS

**Worcester, ss.**

# FILED

**NOV 0 3 2000**

ATTEST: *Lowry P. Lemoureux* CLERK

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No.  00-2087A

RCVD WCSO 00/31/00

Neil Jonielunas                              )
                                             )
                               **Plaintiff (s)**  )
                                             )     **SUMMONS**
                **V.**                       )
                                             )
Worcester Police Department, et al           )
                               **Defendant (s)**  )

                                    Officer Jennifer Humphrey
\*   **To the above-named Defendant:** Worcester Police Department
                                    9-11 Lincoln St., Worcester, MA

You are hereby summoned and required to serve upon........Andrew M. Fischer
...........................Jason & Fischer.............................................., plaintiff's attorney,
whose address is 47 Winter St., #4, Boston, MA 02108 ...........................................
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the...26th...............
day of ...............October...................................in the year of our Lord two thousand xxxx
....................... .

*Lowry P. Lemoureux*

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*   NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
    if you claim to have a defense, either you or your attorney must serve a copy of your written
    answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
    Court, Room 21.

11/3/00

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action**

# FILED

**NOV 0 3 2000**

**No.** 00-2087A

ATTEST: *Louis P. Lamoureux*

CLERK

Neil Jonielunas

**Plaintiff (s)**

**v.**

**SUMMONS**

Worcester Police Department, et al
**Defendant (s)**

\*    To the above-named Defendant: Officer James Grady
Worcester Police Department
9-11 Lincoln St., Worcester, MA
You are hereby summoned and required to serve upon............Andrew M. Fischer
Jason & Fischer ......................................................., plaintiff's attorney,
whose address is .47 Winter St., #4, Boston, MA 02108...........................................
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the...26th...............
day of ....................October..............................in the year of our Lord two thousand  and
........................ .

*Louis P. Lamoureux*

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED:  TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*    NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 21.

"/3

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

# FILED

NOV 0 3 2000

ATTEST: *Loving P. Lamoureus*

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 00-2087A

CLERK

Neil Jonielunas                     )
                                    )
                    **Plaintiff (s)**   )        **SUMMONS**
                                    )
            **v.**                      )
                                    )
Worcester Police Department, et al  )
                                    )
                    **Defendant (s)**   )

\*   To the above-named Defendant:   Nancy Dube
                                    11 Otter Trail
                                    Worcester, MA 01605

You are hereby summoned and required to serve upon.....Andrw M. Fischer....
........Jason & Fischer....................................................., plaintiff's attorney,
whose address is 47 Winter St., #4, Boston, MA 02108...................................
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the.....26th..............
day of .............October.........................................in the year of our Lord two thousand ~~and~~
.......................  .

*Loving P. Lamoureus*

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*      NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
       if you claim to have a defense, either you or your attorney must serve a copy of your written
       answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
       Court, Room 21.

11/06

## COMMONWEALTH OF MASSACHUSETTS

Worcester ss.

**FILED**

NOV 0 6 2000

ATTEST: *Louiny P. Lamoureut* CLERK

Neil Jonielunas

**Plaintiff (s)**

v.

Worcester Police Department, et al

**Defendant (s)**

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

**No.** 00-2087A

**SUMMONS**

\*    To the above-named Defendant:    Edward Gardella, Chief of Police
Worcester Police Department
9-11 Lincoln Street, Worcester, MA

You are hereby summoned and required to serve upon...Andrew.M..Fischer....
................................Jason.&.Fischer........................................., plaintiff's attorney,
whose address is 47..Winter.St.,..#4,..Boston,..MA.02108........................................
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service.  If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the....26th...............
day of ..................October.........................................in the year of our Lord two thousand and
...................... .

*Louiny P. Lamoureau*
**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED:  TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*    NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 21.

11/3/00

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action**

# FILED

NOV 0 3 2000

**No.** 00-2087A

ATTEST: *Loring P. Lamoureux* CLERK

RC : NO 3 00730100

Neil Jonielunas

**Plaintiff (s)**

**SUMMONS**

**v.**

City of Worcester Police Department, et al

**Defendant (s)**

✻ To the above-named Defendant: Worcester Police Department
9-11 Lincolnn Square, Worcester, MA

You are hereby summoned and required to serve upon...Andrew M. Fischer...
.....................................Jason & Fischer........................................, plaintiff's attorney,
whose address is .47. Winter St., #4, Boston, MA 02108......................................
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the.....26th..............
day of ..........October..........................................in the year of our Lord two thousand ~~and~~
........................  .

*Loring P. Lamoureux*

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

✻    NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 21.

## COMMONWEALTH OF MASSACHUSETTS

**Worcester, ss.**

# FILED

NOV 03 2000

ATTEST: _Louis P. Lemoureux_ CLERK

**Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action**

**No.** 00-2087A

```
                                    )     RCVD  MCSO OCT 31 00
Neil Jonielunas                     )
                                    )
                  Plaintiff (s)     )     SUMMONS
                                    )
         V.                         )
                                    )
Worcester Police Department, et al  )
                                    )
                  Defendant (s)     )
```

\*  To the above-named Defendant: Lieutenant Barbara Swift
                                  Worcester Police Department
                                  9-11 Lincoln St., Worcester, MA

You are hereby summoned and required to serve upon.......Andrew..M...Fischer
.................Jason & Fischer....................................., plaintiff's attorney,
whose address is ..47..Winter..St...#4...Boston...MA..02108.........................................
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the...26th..............
day of ......October............................................in the year of our Lord two thousand x and
..................... .



_Louis P. Lemoureux_

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED:  TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*       NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
        if you claim to have a defense, either you or your attorney must serve a copy of your written
        answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
        Court, Room 21.

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**Superior Court**
**Department of the Trial Court**
**of the Commonwealth**
**Civil Action**

**FILED**

**NOV 0 3 2000**

**No.** 00-2087A

Neil Jonieluna ATTEST: *Loving P. Lamoureut* CLERK

**Plaintiff (s)**

)
)
)
)
)
)
)
)
)
)

R

OCT 31 '00

**SUMMONS**

V.

Worcester Police Department, et al
**Defendant (s)**

Detective David G. DeCelles

*    To the above-named Defendant: Worcester Police Department
9-11 Lincoln St., Worcester, MA

You are hereby summoned and required to serve upon........Andrew M. Fischer
.................................Jason & Fischer................................., plaintiff's attorney,
whose address is ..47 Winter St., #4, Boston, MA 02108.......................................
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the..26th................
day of ........October.............................................in the year of our Lord two thousand **and**
........................ .

*Loving P. Lamoureux*

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED:  TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

*        NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 21.

*11-22*

## COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT

WORCESTER, SS.

**FILED**

NOV 22 2000

ATTEST: *Losing P. Lamoureux* CLERK

SUPERIOR COURT
C.A. 00-2087A

NEIL JONIELUNAS, *Plaintiff*     *

        *

v.                  *

        *

CITY OF WORCESTER POLICE   *

DEPARTMENT, EDWARD P.    *

GARDELLA, in his capacity as   *

Chief of the Worcester  Police   *

Department, JAMES  GRADY,   *

JENNIFER HUMPHREY,      *

DAVID G. DECELLES, BARBARA*

SWIFT and NANCY DUBE,     *

*Defendants*              *

**ANSWER AND JURY DEMAND**
**OF THE DEFENDANT NANCY DUBE**

---

### INTRODUCTION

To the extent that the allegations in the introductory paragraphs of the complaint are statements of law or legal conclusions of the Plaintiff no response is required. To the extent that any response is required the Defendant denies the allegations in the introductory paragraphs.

1. The Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 1, however she understands that in fact the Plaintiff may be  a resident in the state of Arizona.

2. The allegations contained in paragraph 2 do not apply to this Defendant.

3. The allegations contained in paragraph 3 do not apply to this Defendant.

4. The allegations contained in paragraph 4 do not apply to this Defendant.

5. The allegations contained in paragraph 5 do not apply to this Defendant.

6. The allegations contained in paragraph 6 do not apply to this Defendant.

7. The allegations contained in paragraph 7 do not apply to this Defendant.

8. The Defendant admits the allegations contained in paragraph 8.

9. The Defendant admits that she notified the Worcester Police Department concerning the possibility of a violation of a restraining order issued pursuant to General Laws Chapter 209A. The Defendant admits that no arrest was made but denies the balance of the allegations of paragraph 9.

10. The Defendant denies that her complaint was false.

11. There appears to be no paragraph numbered 11 in the Complaint.

12. The allegations of paragraph 12 are denied.

13. The allegations of paragraph 13 appear not to apply to this Defendant. To the extent that there is any allegation in paragraph 13 that does apply to this Defendant it is denied.

14. The allegations contained in paragraph 14 appear not to apply to this Defendant.

15. The Defendant denies the allegations of so much of paragraph 15 as may apply to her.

16. The Defendant denies so much of paragraph 16 as may apply to her.

17. If any of the allegations of paragraph 17 apply to this Defendant. she denies them.

18. So much of the allegations of paragraph 18 as they apply to this Defendant are denied.

19. So much of the allegations of paragraph 19 as they apply to this Defendant are denied.

20. The Defendant admits that the Plaintiff was arrested, held and arraigned pursuant to law but denies any wrongful act on her part.

21. The defendant is without knowledge of the particular form of the court's disposition of the criminal charges against the Plaintiff.

22. The allegations of paragraph 22 do not apply to this Defendant.

23. The allegations of paragraph 23 do not apply to this Defendant.

2

24. To the extent that the allegations of paragraph 24 may apply to this Defendant they are denied.

25. To the extent that the allegations of paragraph 25 may apply to this Defendant they are denied.

## COUNT I

## FALSE IMPRISONMENT

26. To the extent that the Plaintiff repeats and realleges each of the preceding paragraphs this Defendant repeats her answers to those paragraphs.

27. To the extent that paragraph 27 applies to this Defendant it is denied.

28. To the extent that paragraph 28 applies to this Defendant it is denied.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. To the extent that the Plaintiff repeats and realleges each of the preceding paragraphs the Defendant repeats her answers to each those paragraphs.

30. To the extent that the allegations of paragraph 30 are apply to this Defendant they are denied.

31. To the extent that the allegations of paragraph 31 apply to this Defendant they are denied.

## COUNT III

## VIOLATION OF 42 U.S.C. SECTION 1983 – DEFENDANTS GRADY, DeCELLES, HUMPHREY AND SWIFT

32. – 34. The allegations of Count III do not apply to this Defendant.

## COUNT IV

## VIOLATION OF MASS. CIVIL RIGHTS ACT
## VIOLATIONS OF CIVIL RIGHTS BY THREATS, INNTIMIDATION OR COERCION

35. To the extent that the Plaintiff repeats and realleges the allegations of the preceding paragraphs this Defendant repeats her answers to those paragraphs.

36. To the extent that the allegations of paragraph 36 apply to this Defendant they are denied.

37. To the extent that the allegations of paragraph 37 apply to this Defendant they are denied.

38. To the extent that the allegations of paragraph 38 apply to this Defendant they are denied.

## COUNT V

## MALICIOUS PROSECUTION

39. To the extent that the Plaintiff repeats and realleges the allegations of the preceding paragraphs this Defendant repeats her answers to those paragraphs.

40. This Defendant denies that she "swore out a criminal complaint," against the Plaintiff. She admits that she properly participated in the appropriate Court proceedings, in all cases acting quite properly. To the extent that there are any other allegations in paragraph 40 which apply to this Defendant they are denied.

41. The Defendant is without knowledge as to the truth of the allegations in paragraph 41 but denies she is in any way responsible or is liable for any injury which the Plaintiff claims to have sustained.

4

42.  The Defendant is without knowledge or information as to the truth of the allegations in paragraph 42 but denies she is in any way responsible or liable for any injury which the Plaintiff claims to have sustained.

### COUNT VI

### ABUSE OF PROCESS

43.  To the extent that the Plaintiff repeats and realleges the allegations of the preceding paragraphs the Defendant repeats her answers to those paragraphs.

44.  To the extent that the allegations of paragraph 44 apply to this Defendant they are denied.

45. This Defendant is without knowledge as to the truth of the allegations in paragraph 45 but denies she is in any way responsible or liable for any injury which the Plaintiff claims to have sustained.

46. This Defendant is without knowledge as to the truth of the allegations in paragraph 46 but denies she is in any way responsible or liable for any injury which the Plaintiff claims to have sustained.

### COUNT VII

### CONSPIRACY

47.  To the extent that the Plaintiff repeats and realleges the allegations of the preceding paragraphs this Defendant repeats her answers to those paragraphs.

48.  To the extent that the allegations of paragraph 48 apply to this Defendant they are denied.

49.  The Defendant is without knowledge or information as to the truth of the allegations in paragraph 49 but denies she is in any way responsible or is liable for any injury which the Plaintiff claims to have sustained.

## COUNT IX [sic]

## NEGLIGENT SUPERVISION – MUNICIPAL DEFENDANTS

50. – 55.  The allegations of Count IX do not apply to this Defendant

## COUNT X

## VIOLATION OF 42 U.S.C. SECTION 1983 – MUNICIPAL DEFENDANTS

56. – 59.  The allegations of Count X do not apply to this Defendant.

## COUNT XI

## DEFAMATION – DEFENDANT DUBE

60.  To the extent that the Plaintiff repeats and realleges the allegations of the preceding paragraphs this Defendant repeats her answers to those paragraphs.

61.  This Defendant denies that she defamed the Plaintiff.  She denies that she acted with malice.  She denies that any reports she made were false.  If there remain any other allegations in paragraph 61 they are denied.

62.  The Defendant is without knowledge or information as to the truth of the allegations in paragraph 62 but denies she is in any way responsible or is liable for any injury which the Plaintiff claims to have sustained.

## COUNT XII

## INVASION OF PRIVACY – DEFENDANT DUBE

63.  To the extent that the Plaintiff repeats and realleges the allegations of the preceding paragraphs this Defendant repeats her answers to those paragraphs.

64.  The Defendant denies the allegations contained in paragraph 64.

65. The Defendant is without knowledge or information as to the truth of the allegations in paragraph 65 but denies she is in any way responsible or liable for any injury which the Plaintiff claims to have sustained.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff is estopped from recovering by his own acts or omissions.

### Third Affirmative Defense

The Plaintiff's abuse of Defendant and her children during and following their marriage contributed to cause, in whole or in part, the injuries and/or damages alleged by plaintiff; wherefore any recovery by Plaintiff, if any, is barred in whole or in part or is subject to diminution.

## DEFENDANT NANCY DUBE CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
NANCY DUBE

By her Attorney,

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by mail/ in hand on 11/21/00

GOULD & ETTENBERG, P.C.

Kathryn A. O'Leary, Esquire
BBO #551660
GOULD & ETTENBERG, P.C.
370 Main Street, Suite 1050
Worcester, MA 01608
Telephone (508) 752-6733

A true copy by photostatic process
Attest
Asst. Clerk

7

*11-22*



370 Main Street, Worcester, Massachusetts 01608   Tel. (508) 752-6733   Fax: (508) 797-4638

# GOULD & ETTENBERG, P.C.

*Counsellors at Law*
PETER L. ETTENBERG
MARSHALL A. GOULD
JAMES P. HORAN
DAVID T. BUNKER
DONNA M. REIDY
C. SILVIA LEB
KATHRYN A. O'LEARY

November 21, 2000

Civil Clerk
Worcester Superior Court
2 Main Street
Worcester, MA 01608

RE:    **Neil Jonielunas**
**V.**
**City of Worcester Police Department, et al**
**Civil Action No. 00-2087A**

Dear Sir or Madam:

Enclosed for filing in the above captioned matter is Answer and Jury Demand of the Defendant Nancy Dube.

Please stamp the enclosed duplicate copy of this letter to acknowledge your receipt and return it to me in the enclosed, self-addressed envelope.

I appreciate your cooperation. If you have any questions, please feel free to contact this office.

Very truly yours,

Kathryn A. O'Leary

KOL:sc

Enclosures
cc: Andrew M. Fischer, Esquire
    Nancy Dube

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT

WORCESTER, SS.

SUPERIOR COURT
C.A. 00-2087A

NEIL JONIELUNAS, *Plaintiff*    *
                               *
v.                             *
                               *
CITY OF WORCESTER POLICE       *
DEPARTMENT, EDWARD P.          *
GARDELLA, in his capacity as   *
Chief of the Worcester Police  *
Department, JAMES GRADY,       *
JENNIFER HUMPHREY,             *
DAVID G. DECELLES, BARBARA     *
SWIFT and NANCY DUBE,          *
*Defendants*                   *
                               *

# FILED
## DEC 0 7 2000
ATTEST: *Foung P. Famourent* CLERK

## DEFENDANT NANCY DUBE'S FIRST AMENDED ANSWER WITH COUNTERCLAIM AND CLAIM FOR TRIAL BY JURY

### INTRODUCTION

To the extent that the allegations in the introductory paragraphs of the complaint are statements of law or legal conclusions of the Plaintiff no response is required. To the extent that any response is required the Defendant denies the allegations in the introductory paragraphs.

1. The Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 1, however she understands that in fact the Plaintiff may be a resident in the state of Arizona.

2. The allegations contained in paragraph 2 do not apply to this Defendant.

3. The allegations contained in paragraph 3 do not apply to this Defendant.

4. The allegations contained in paragraph 4 do not apply to this Defendant.

5. The allegations contained in paragraph 5 do not apply to this Defendant.

6. The allegations contained in paragraph 6 do not apply to this Defendant.

7. The allegations contained in paragraph 7 do not apply to this Defendant.

8. The Defendant admits the allegations contained in paragraph 8.

9. The Defendant admits that she notified the Worcester Police Department concerning the possibility of a violation of a restraining order issued pursuant to General Laws Chapter 209A. The Defendant admits that no arrest was made but denies the balance of the allegations of paragraph 9.

10. The Defendant denies that her complaint was false.

11. There appears to be no paragraph numbered 11 in the Complaint.

12. The allegations of paragraph 12 are denied.

13. The allegations of paragraph 13 appear not to apply to this Defendant. To the extent that there is any allegation in paragraph 13 that does apply to this Defendant it is denied.

14. The allegations contained in paragraph 14 appear not to apply to this Defendant.

15. The Defendant denies the allegations of so much of paragraph 15 as may apply to her.

16. The Defendant denies so much of paragraph 16 as may apply to her.

17. If any of the allegations of paragraph 17 apply to this Defendant. she denies them.

18. So much of the allegations of paragraph 18 as they apply to this Defendant are denied.

19. So much of the allegations of paragraph 19 as they apply to this Defendant are denied.

20. The Defendant admits that the Plaintiff was arrested, held and arraigned pursuant to law but denies any wrongful act on her part.

21. The defendant is without knowledge of the particular form of the court's disposition of the criminal charges against the Plaintiff.

22. The allegations of paragraph 22 do not apply to this Defendant.

23. The allegations of paragraph 23 do not apply to this Defendant.

24. To the extent that the allegations of paragraph 24 may apply to this Defendant they are denied.

25. To the extent that the allegations of paragraph 25 may apply to this Defendant they are denied.

## COUNT I

## FALSE IMPRISONMENT

26. To the extent that the Plaintiff repeats and realleges each of the preceding paragraphs this Defendant repeats her answers to those paragraphs.

27. To the extent that paragraph 27 applies to this Defendant it is denied.

28. To the extent that paragraph 28 applies to this Defendant it is denied.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. To the extent that the Plaintiff repeats and realleges each of the preceding paragraphs the Defendant repeats her answers to each those paragraphs.

30. To the extent that the allegations of paragraph 30 are apply to this Defendant they are denied.

31. To the extent that the allegations of paragraph 31 apply to this Defendant they are denied.

## COUNT III

## VIOLATION OF 42 U.S.C. SECTION 1983 – DEFENDANTS GRADY, DeCELLES, HUMPHREY AND SWIFT

32. – 34. The allegations of Count III do not apply to this Defendant.

## COUNT IV

## VIOLATION OF MASS. CIVIL RIGHTS ACT
## VIOLATIONS OF CIVIL RIGHTS BY THREATS, INTIMIDATION OR COERCION

35. To the extent that the Plaintiff repeats and realleges the allegations of the preceding paragraphs this Defendant repeats her answers to those paragraphs.

36. To the extent that the allegations of paragraph 36 apply to this Defendant they are denied.

37. To the extent that the allegations of paragraph 37 apply to this Defendant they are denied.

38. To the extent that the allegations of paragraph 38 apply to this Defendant they are denied.

## COUNT V

## MALICIOUS PROSECUTION

39. To the extent that the Plaintiff repeats and realleges the allegations of the preceding paragraphs this Defendant repeats her answers to those paragraphs.

40. This Defendant denies that she "swore out a criminal complaint," against the Plaintiff. She admits that she properly participated in the appropriate Court proceedings, in all cases acting quite properly. To the extent that there are any other allegations in paragraph 40 which apply to this Defendant they are denied.

41. The Defendant is without knowledge as to the truth of the allegations in paragraph 41 but denies she is in any way responsible or is liable for any injury which the Plaintiff claims to have sustained.

4

42.  The Defendant is without knowledge or information as to the truth of the allegations in paragraph 42 but denies she is in any way responsible or liable for any injury which the Plaintiff claims to have sustained.

## COUNT VI

## ABUSE OF PROCESS

43.  To the extent that the Plaintiff repeats and realleges the allegations of the preceding paragraphs the Defendant repeats her answers to those paragraphs.

44.  To the extent that the allegations of paragraph 44 apply to this Defendant they are denied.

45. This Defendant is without knowledge as to the truth of the allegations in paragraph 45 but denies she is in any way responsible or liable for any injury which the Plaintiff claims to have sustained.

46. This Defendant is without knowledge as to the truth of the allegations in paragraph 46 but denies she is in any way responsible or liable for any injury which the Plaintiff claims to have sustained.

## COUNT VII

## CONSPIRACY

47.  To the extent that the Plaintiff repeats and realleges the allegations of the preceding paragraphs this Defendant repeats her answers to those paragraphs.

48.  To the extent that the allegations of paragraph 48 apply to this Defendant they are denied.

49.  The Defendant is without knowledge or information as to the truth of the allegations in paragraph 49 but denies she is in any way responsible or is liable for any injury which the Plaintiff claims to have sustained.

## COUNT IX [sic]

## NEGLIGENT SUPERVISION – MUNICIPAL DEFENDANTS

50. – 55. The allegations of Count IX do not apply to this Defendant

## COUNT X

## VIOLATION OF 42 U.S.C. SECTION 1983 – MUNICIPAL DEFENDANTS

56. – 59. The allegations of Count X do not apply to this Defendant.

## COUNT XI

## DEFAMATION – DEFENDANT DUBE

60. To the extent that the Plaintiff repeats and realleges the allegations of the preceding paragraphs this Defendant repeats her answers to those paragraphs.

61. This Defendant denies that she defamed the Plaintiff. She denies that she acted with malice. She denies that any reports she made were false. If there remain any other allegations in paragraph 61 they are denied.

62. The Defendant is without knowledge or information as to the truth of the allegations in paragraph 62 but denies she is in any way responsible or is liable for any injury which the Plaintiff claims to have sustained.

## COUNT XII

## INVASION OF PRIVACY – DEFENDANT DUBE

63. To the extent that the Plaintiff repeats and realleges the allegations of the preceding paragraphs this Defendant repeats her answers to those paragraphs.

64. The Defendant denies the allegations contained in paragraph 64.

65.   The Defendant is without knowledge or information as to the truth of the allegations in paragraph 65 but denies she is in any way responsible or liable for any injury which the Plaintiff claims to have sustained.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff is estopped from recovering by his own acts or omissions.

### Third Affirmative Defense

The Plaintiff's abuse of Defendant and her children during and following their marriage contributed to cause, in whole or in part, the injuries and/or damages alleged by plaintiff; wherefore any recovery by Plaintiff, if any, is barred in whole or in part or is subject to diminution.

### Fourth Affirmative Defense

Throughout the parties marriage, during their divorce, and through June of 1998 the Plaintiff willfully and maliciously engaged in a knowing pattern of conduct and/or a series of acts directed at Plaintiff-in-Counterclaim and/or their children which seriously alarmed or annoyed Defendant Nancy Dube and which would cause a reasonable person to suffer substantial emotional distress. Defendant Nancy Dube had obtained Court orders to protect herself and her children as a result of Plaintiff's pattern of conduct, the Court orders prohibited Plaintiff from unsupervised personal contact with the parties' minor daughter. Plaintiff's pattern of conduct resulted in Defendant Nancy Dube suffering from duress in matters involving Plaintiff and the parties' minor daughter. Defendant Nancy Dube and the parties' minor daughter were under duress, which duress was created by Plaintiff, in respect to their actions relative to the incidents giving rise to the complaint.

### Fifth Affirmative Defense

The Complaint should be dismissed for failure to join a party under Rule 19.

7

## Sixth Affirmative Defense

The Complaint should be dismissed as to Defendant Nancy Dube due to the pendency of a prior action in the Worcester Country Family and Probate Court.

## DEFENDANT NANCY DUBE CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

## COUNTERCLAIM

1.    The Plaintiff-in-Counterclaim is Nancy L. Dube, who resides at 11 Otter Trail, Worcester, Massachusetts.

2.    The Defendant-in-Counterclaim is Neil J. Jonielunas, who, upon information and belief, resides in Prescott Valley, Arizona.

### Count I
(Abuse of Process/Stalking)

3.    The Plaintiff-in-Counterclaim and the Defendant-in-Counterclaim were married for eight years and had two children together, a daughter named Lauren, and a son named Colin.

4.    Throughout the parties' marriage, following their divorce and through the present, the Defendant-in-Counterclaim willfully and maliciously engaged in a knowing pattern of conduct and/or series of acts directed at Plaintiff-in-Counterclaim and/or their children which seriously alarmed or annoyed Plaintiff-in-Counterclaim and would cause a reasonable person to suffer substantial emotional distress.

5.    The Defendant-in-Counterclaim made threats with the intent of placing Plaintiff-in-Counterclaim in imminent fear of death or bodily injury.

6.    Indeed, Plaintiff-in-Counterclaim obtained several domestic abuse restraining orders pursuant to Mass. Gen. Laws, chapter 209A against Defendant-in-Counterclaim.

7.    The Defendant-in-Counterclaim filed the instant lawsuit against Plaintiff-in-

Counterclaim to accomplish an unlawful purpose, with malice, and to Plaintiff-in-

Counterclaim's damage.

WHEREFORE, Plaintiff in Counterclaim requests the following relief:

a)    that a judgment enter against Defendant in Counterclaim in an amount

necessary to compensate her for her damages, plus costs and prejudgment interest; and

b)    such other and further relief as this Court deems just and proper.

### Count II
(Contempt of Court Order Regarding payment of uninsured medical expenses)

8.    The Plaintiff-in-Counterclaim repeats and realleges the allegations contained in the

preceding paragraphs as if they were set forth in full herein.

9.    The Defendant-in-Counterclaim was ordered by the Worcester County Family and

Probate Court to pay all uninsured medical expenses of the parties' minor children.

10.    The Defendant-in-Counterclaim has refused and neglected to do so, is in contempt of a

Court order in this regard, and owes Plaintiff-in-Counterclaim an amount equal to the

uninsured medical expenses of the parties' minor children.

WHEREFORE Plaintiff in Counterclaim requests the following relief:

a)    that a judgment enter against Defendant in Counterclaim in an amount

equal to the uninsured medical expenses of the parties' minor children, plus costs,

attorneys' fees, and prejudgment interest; and

b)    such other and further relief as this Court deems just and proper.

**PLAINTIFF IN COUNTERCLAIM NANCY DUBE CLAIMS A TRIAL BY
JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
NANCY DUBE

By her Attorney,

Kathryn A. O'Leary, Esquire
BBO #551660
GOULD & ETTENBERG, P.C.
370 Main Street, Suite 1050
Worcester, MA 01608
Telephone (508) 752-6733

**CERTIFICATE OF SERVICE**

I hereby certify that a true **copy of the**
above document was served upon **each**
party appearing pro se and the **attorney**
of record for each other party **by mail/**
in hand on 12/7/00

**GOULD & ETTENBERG, P.C.**

A true copy by photostatic process
Attest
Asst. Clerk

10

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Worcester, ss.                          Civil Action No.    00-2087A

NEIL JONIELUNAS,                    )
                                    )
        Plaintiff                   )
                                    )
v.                                  )
                                    )
CITY OF WORCESTER POLICE            )
DEPARTMENT, EDWARD P. GARDELLA,     )
in his capacity as CHIEF OF         )
THE WORCESTER POLICE DEPARTMENT,    )
JAMES GRADY, JENNIFER HUMPHREY,     )
DAVID G. DeCELLES, BARBARA SWIFT,   )
and NANCY DUBE,                     )
                                    )
        Defendants                  )

**FILED**

DEC  8 2000

ATTEST:

*Loring P. Lamoureux*
CLERK

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE
COURT TO THE UNITED STATES DISTRICT COURT

Defendants City of Worcester Police Department, EDWARD P.

GARDELLA, in his capacity as CHIEF OF THE WORCESTER POLICE

DEPARTMENT, JAMES GRADY, JENNIFER HUMPHREY, DAVID G. DeCELLES,

and BARBARA SWIFT through their undersigned attorneys, hereby

file this Notice of Removal, pursuant to 28 U.S.C. §§ 1441(a) and

(b) and 1446, to remove the above-captioned case now pending in

Superior Court, Department of the Trial Court, Commonwealth of

Massachusetts, in and for the County of Worcester.  As grounds

for the removal, defendants state the following:

1.  This action was commenced in the Superior Court of Worcester County, Massachusetts, as Civil Action No. 00-2087A. Process was served upon Defendants Worcester Police Department, Edward P. Gardella, in his capacity as Chief of the Worcester Police Department, James Grady, Jennifer Humphrey, David G. DeCelles and Barbara Swift on October 31, 2000.

2.  This action is a civil action brought by Plaintiff, Neil Jonielunas, in which he seeks to recover for damages he allegedly suffered when the Defendants allegedly violated his civil rights under 42 U.S.C. § 1983. (See Plaintiff's Complaint.)

3.  The action is one of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and 42 U.S.C. § 1983 and is one which may be removed to the District Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a) and (b) in that it is a civil action containing claims or rights arising under the laws of the United States.

4.  The notice is filed within thirty days after Defendants received copies of the summons and complaint.

5.  Copies of all process, pleadings, and orders served upon Defendants in the State Court action are attached and filed herein.

2

WHEREFORE, Defendants Worcester Police Department, Edward P. Gardella, in his capacity as Chief of the Worcester Police Department, James Grady, Jennifer Humphrey, David G. DeCelles and Barbara Swift give notice that this action is removed from the Worcester Superior Court to this Court.

DEFENDANTS WORCESTER POLICE DEPARTMENT, EDWARD P. GARDELLA, in his capacity as CHIEF OF THE WORCESTER POLICE DEPARTMENT, JAMES GRADY, JENNIFER HUMPHREY, DAVID G. DeCELLES and BARBARA SWIFT

By their attorneys,

David M. Moore
City Solicitor


Janet J. McGuiggan (BBO#630013)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA  01608
Telephone: (508) 799-1161

## CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that on this 28 day of November, 2000, I have served the within Notice of Removal of Civil Action from State Court to the United States District Court upon Plaintiff by mailing a copy of the same, postage prepaid, to Andrew M. Fischer, Esquire, Jason & Fischer, 47 Winter Street, Boston, MA  02108.


Janet J. McGuiggan
Assistant City Solicitor

3

A true copy by photostatic process
Attest:
Asst. Clerk

JS 44
(Rev. 11/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

NEIL JONIELUNAS

**DEFENDANTS** CITY OF WORCESTER POLICE DEPARTMENT, EDWARD P. GARDELLA, in his capacity as CHIEF OF THE WORCESTER POLICE DEPARTMENT, JAMES GRADY, JENNIFER HUMPHREY, DAVID G. DeCELLES, BARBARA SWIFT and NANCY DUBE.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Andrew M. Fischer, Esquire
Jason & Fischer
47 Winter Street Boston MA  02108

ATTORNEYS (IF KNOWN)

Janet J. McGuiggan, Assistant City Solicitor
City Hall Law Department Room 301
Worcester,MA  01608  (508) 799-1161

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff filed civil rights claim against Defendants under 42 U.S.C. §1983.
Defendants are removing the case to Federal Court.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____

_____

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_   II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
               740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___   V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   N/A
   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   N/A
   _____

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?___N/A
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC 2284?___N/A

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER
   COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES____X_____OR IN THE WESTERN SECTION (BERKSHIRE,
   FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).   YES_____
   _____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE
   DISTRICT?   YES____X_____ (a)   IF YES, IN WHICH SECTION DOES
   THE PLAINTIFF RESIDE?___Worcester_____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?___N/A_____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL
    AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION___yes
    _____ OR WESTERN SECTION_____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME_____Janet J. McGuiggan, Assistant City Solicitor_____

ADDRESS_____Room 301, City Hall, 455 Main St. Worcester, MA   01608____

TELEPHONE NO._____(508) 799-1161_____

(Category.frm - 09/92)



# CITY OF WORCESTER
LAW DEPARTMENT
CITY HALL, ROOM 301
WORCESTER, MASSACHUSETTS 01608

TELEPHONE
(508) 799-1161
FACSIMILE NUMBER
(508) 799-1163

DAVID M. MOORE
CITY SOLICITOR

December 8, 2000

Civil Clerk
Worcester Superior Court
2 Main Street
Worcester, MA   01608

Re:  Neil Jonielunas v. Worcester Police Department, et als.
     Civil Action No. 2000-2087A

     U.S. District Court Civil Action No. 00-40211-NMG

Dear Sir/Madam:

    Enclosed are copies of all documents filed regarding the
removal of the above-entitled to the United States District
Court.  In connection therewith, I need to obtain a certified
copy of all pleadings and other papers filed with your Court as
well as a certified copy of this case's docket sheet.

    My understanding is that, upon request, your office will
determine the cost of these copies and then contact me so that I
may arrange payment.  Please consider this letter such a
request.

    If I have misunderstood the process or if you have any
questions about this, please do not hesitate to contact me.
Thank you for your assistance in this matter.

Very truly yours,

Janet J. McGuiggan
Assistant City Solicitor

# RECEIVED

DEC 0 8 2000

ATTEST:

CLERK

HAND DELIVERED

Worcester
★ ★ ★ ★ ★
All-America City

2000

e-mail: law@ci.worcester.ma.us



# CITY OF WORCESTER
LAW DEPARTMENT
CITY HALL, ROOM 301
WORCESTER, MASSACHUSETTS 01608

DAVID M. MOORE
CITY SOLICITOR

TELEPHONE
(508) 799-1161
FACSIMILE NUMBER
(508) 799-1163

November 28, 2000

Civil Clerk's Office
U.S. District Court
595 Main Street
Worcester, MA 01608

Re:   Jonielunas v. Worcester Police Department, et als.

Dear Sir/Madam:

Enclosed for filing please find the following:

1.    Notice of Removal of Civil Action from State Court to the United States District Court;

2.    Civil Action Cover Sheet; and

3.    Check in the amount of $150.00 for filing fee.

If you have any questions or need any additional information, please do not hesitate to contact me.

Very truly yours,

Janet J. McGuiggan
Assistant City Solicitor

Enclosures

cc:  Andrew M. Fischer, Esquire

Worcester
★ ★ ★ ★ ★
All-America City


e-mail: law@ci.worcester.ma.us